UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MUTUAL OF ENUMCLAW, a Washington domestic insurer, individually and as assignee of Larry and Anita Clark, husband and wife,<br><br>          Plaintiff,<br><br>    v.<br><br>CORNHUSKER CASUALTY INSURANCE COMPANY, a foreign insurer,<br><br>          Defendant. | No. CV-07-3101-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE EXPERT WITNESSES, DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS, AND STRIKING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

    **THIS MATTER** came before the Court for a telephonic hearing on Defendant's request for an order excluding expert witnesses identified by Plaintiff two days after the discovery cut-off deadline (Ct. Rec. 43) and Plaintiff's request for an extension of the dispositive motion deadline (Ct. Rec. 54). Plaintiff is represented by Brad E. Smith, and Defendant is represented by A. Richard Dykstra and Stephanie L. Grassia.

    **BACKGROUND**

    Larry and Anita Clark ("the Clarks") operate an orchard/farm and trucking business in Yakima, Washington. On October 17, 2003, Melvin McCormick, an employee of the Clarks, was involved in a motor vehicle collision with John and Nancy Green ("the Greens") while driving a

ORDER . . . - 1

semi-truck owned and operated by the Clarks in their businesses. Complaint ¶¶ 2.2-2.3. The Greens filed a complaint against the Clarks, and others, for personal injuries they sustained in the collision. Complaint ¶ 2.4.

The Clarks were insured for liability coverage under a Cornhusker business auto policy in the amount of one-million dollars. The Clarks additionally had business auto liability coverage in the amount of $500,000 under an Enumclaw policy. Complaint ¶ 2.5. Both Enumclaw and Cornhusker accepted the defense of the Clarks and McCormick without reservation of rights. Complaint ¶ 2.6.

Cornhusker subsequently identified a potential coverage defense but notified the Clarks that it would not raise any such coverage defense against them. Complaint ¶¶ 2.7-2.8. However, at a scheduled mediation of the Greens' case, Cornhusker notified representatives of Enumclaw of the purported coverage defense and indicated it would only contribute $200,000 toward the settlement of the case. Complaint ¶ 2.10.

The Greens' case did not settle at mediation. The Greens, however, later agreed to settle the matter with Enumclaw. As part of the settlement agreement, Enumclaw obtained an assignment of all of the Clarks' claims against Cornhusker. Complaint ¶ 2.15.

Enumclaw, as the Clarks' assignees, brought the instant action alleging Cornhusker breached its contract to indemnify the Clarks, violated its duty of good faith and fair dealings to the Clarks, and violated the Washington State Consumer Protection Act. Complaint ¶¶ 3.1-5.5. Enumclaw additionally requests that the Court declare

ORDER . . . - 2

Enumclaw is entitled to contribution/indemnification from Cornhusker for two-thirds of the settlement amount based upon the proportional limits of liability under their primary liability policies. Complaint ¶ 6.7.

The amended scheduling order, filed October 23, 2008, set the pretrial conference in this matter for January 6, 2009, and the trial for January 26, 2009. (Ct. Rec. 53). At the time the Court filed the amended scheduling order, the dates for completing discovery and for filing dispositive motions had passed. The Court's original scheduling order, filed April 23, 2008, provided for a discovery cut-off date of September 29, 2008, and a dispositive motion deadline of October 6, 2008. (Ct. Rec. 18 ¶¶ 2-3).

**DISCUSSION**

**I.   Exclude Expert Witnesses**

On October 6, 2008, Defendant moved the Court for an order excluding the expert witnesses identified by Plaintiff two days after the discovery cut-off date, Jerry Searles, M. Elizabeth Roche, and Kevin Hillyer. (Ct. Rec. 43). Defendant asserts that this was the first time Plaintiff revealed it intended to call an expert to testify, Jerry Searles was not listed on Plaintiff's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and Plaintiff failed to produce written reports and other information required by Fed. R. Civ. P. 26(a)(2) that would demonstrate that the proposed expert testimony is relevant and reliable. (Ct. Rec. 44 at 1-2). Defendant further contends that since Plaintiff's expert disclosure occurred after the discovery cut-off, it provided Defendant no opportunity to

discover and challenge the specific substance of each expert's opinion. (Ct. Rec. 44 at 3-4).

Defendant asks the Court to exclude any expert testimony offered by Jerry Searles, M. Elizabeth Roche, and Kevin Hillyer because Plaintiff did not submit expert witness reports for the individuals or provide adequate information to enable Defendant to formulate a *Daubert* motion. Pursuant to *Daubert*, the party offering the expert testimony has the burden of proving the proposed testimony is admissible. Defendant contends that without expert reports, Plaintiff is not able to demonstrate that the proposed expert testimony satisfies *Daubert* and is both relevant and reliable. Defendant also asserts that identification of the expert witnesses after the discovery cut-off is prejudicial. Because discovery closed prior to the identification of the expert witnesses, Defendant indicates it was not able to depose the witnesses to explore their opinions and qualifications.

Plaintiff responds that although the Court's initial scheduling order set a discovery deadline, it did not specifically state a deadline for the disclosure of expert witnesses. (Ct. Rec. 57 at 7; Ct. Rec. 18). However, Fed. R. Civ. P. 26(a)(2)(C) provides that the deadline to disclose expert testimony, absent a stipulation or a court order, is "at least 90 days before the date set for trial." Pursuant to this rule, expert witness disclosure should have occurred in this case no later than the last week of October. Plaintiff thus argues that the disclosure of the expert witnesses was not necessarily late. Nevertheless, Defendant claims that, as of October 31, 2008, Rule

ORDER . . . - 4

26(a)(2) reports of Plaintiff's belatedly named experts had still not been produced. (Ct. Rec. 59).

Plaintiff further contends that facts and information necessary to determine whether an expert witness would be needed in this matter was not available until the primary representatives of both companies had been deposed in September of 2008. As such, Plaintiff argues that the need for experts was not reasonably ascertainable until recently. (Ct. Rec. 57 at 8). With respect to the lack of expert witness reports, Plaintiff asserts that a report pursuant to Fed. R. Civ. P. 26(a)(2) could not be generated until the expert had an adequate opportunity to review documents and the deposition transcripts of key parties and witnesses, a process that takes a great deal of time and one which could not commence until the completion of the depositions of the primary representatives of both companies in September of 2008. (Ct. Rec. 57 at 11). Plaintiff claims that expert witness testimony is necessary in this case to assist the trier of fact in understanding insurance adjusting procedures and an insurance company's duties of good faith to its insured. (Ct. Rec. 57).

**II. Dispositive Motion Deadline**

On October 24, 2008, 18 days after the expiration of the dispositive motion deadline (Ct. Rec. 18 ¶ 3), Plaintiff moved the Court to extend the deadline for the parties to file dispositive motions. (Ct. Rec. 54). Plaintiff asserts that, pursuant to a written stipulation between the parties, the final deposition was completed in this matter on October 10, 2008. (Ct. Rec. 55 ¶ 3). Plaintiff thus indicates that, despite the discovery cut-off date,

ORDER . . . - 5

discovery was not completed until October 10, 2008. *Id*. Although not entirely clear from Plaintiff's motion, it appears that Plaintiff is arguing that the delay in completing discovery led to Plaintiff's inability to timely file a motion for summary judgment. (Ct. Rec. 55 ¶¶ 3-5). Plaintiff, however, does not provide rationale for its failure to request an extension at a time prior to the expiration of the deadline. Plaintiff further fails to specifically assert how the delay in discovery prevented Plaintiff from timely filing a motion for partial summary judgment on its first and fourth causes of action. Plaintiff simply asserts that it would be in the interest of justice and beneficial to the parties through a shortened trial (reduction of issues to be decided by the Court at trial) for the Court to allow Plaintiff to present its motion for partial summary judgment. (Ct. Rec. 55 ¶¶ 6-7).

Defendant responds that there exists no good cause for Plaintiff's requested extension. (Ct. Rec. 61). The delay of the discovery process of which Plaintiff complains is a result of Plaintiff's actions. Defendant claims it is in no way responsible for any delay in this matter. (Ct. Rec. 61). Although Defendant agreed to accommodate Plaintiff's counsel by allowing depositions after the discovery deadline, it did not agree to any other extensions of the case deadlines. (Ct. Rec. 61 at 5-6).

Defendant contends that "good cause" does not exist for an extension where a party's predicament results from its own inaction. (Ct. Rec. 61 at 7). In *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), the Ninth Circuit held that "good cause" did

ORDER . . . - 6

not exist where the moving party's failure to timely request a pretrial scheduling order modification resulted from the party's own inaction and where "the burden was upon [the party] to prosecute his case properly." "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *Id*. at 609 (citations omitted).

As pointed out by Defendant, Plaintiff's only excuse for requesting an extension is because it was not possible to complete discovery until just recently. However, a lack of diligence on the part of Plaintiff's counsel caused the delays in discovery. Plaintiff is thus responsible for its own failure to prosecute this case and should not now be granted an extension to file a dispositive motion based on that lack of diligence.

**III. Plaintiff's Motion for Partial Summary Judgment**

On November 12, 2008, Plaintiff filed a motion for partial summary judgment. (Ct. Rec. 64). In addition to being submitted over a month after the dispositive motion deadline, the draft motion is unfinished and otherwise deficient.

**CONCLUSION**

As this Court's scheduling order provides, a scheduling order may be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b). At a minimum, this requires a showing that the deadline could not be met despite the diligence of the party seeking the modification. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The scheduling order will not be amended absent a showing of good cause.

Plaintiff's counsel has failed to establish a sufficient basis for its late disclosure of experts and for its untimely request for a modification of the scheduling order.  As indicated above, good cause does not exist where the moving party's failure to timely request a pretrial scheduling order modification resulted from the party's own inaction and where the burden was upon that party to prosecute its own case properly.  The rationale provided by Plaintiff's counsel fails to demonstrate good cause for amending the Court's current scheduling order.  Accordingly, **IT IS HEREBY ORDERED**:

    1.  Defendant's motion to exclude expert witnesses (**Ct. Rec. 43**) is **GRANTED**.

    2.  Plaintiff's motion for extension of time to file and hear summary judgment motions (**Ct. Rec. 54**) is **DENIED**.

    3.  Plaintiff's draft motion for partial summary judgment (**Ct. Rec. 64**) is **STRICKEN**.

    **IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

    **DATED** this ___17th___ day of November, 2008.

                              S/Fred Van Sickle
                              Fred Van Sickle
                    Senior United States District Judge